Colcock, J.
The following grounds of error in arrest of judgment, are taken by the counsel for the defendants below. First, that the venire must be ma(]e returnable on the first day of the term on which the court is directed by law to sit. Secondly^ that the court can only sit at the time that the ve-nire is made returnable, and the court has not in instance legally any authority agreeably to our law to sit on a day, the time of whose sitting is altered to another day, and the venire made returnable oh that day. The objection to the sitting of the court cannot be collected from any thing stated in the above grounds, which were furnished in these cases; but I understand that it was contended that, as the act of December, 1811, had altered the times of the sitting of this court, that it could not sit at the time mentioned in the old act. It is only necessary to observe, that the law passed in December, could not go into operation by March, and it is further presumed that the venires may have issued before the rising of the Legislature; and in order to avoid any misunderstanding of the proposed alteration, the law itself says in the very commencement, that the alteration is to take place after the con- *635 elusion of the next eastern circuit.” I can see no ground for a new tria 1, and am, therefore, against the motion.
Smith, J.
The only question made in this case was, whether the writs of venire for the autumnal sitting at Georgetown, were regular and legal, as they were made returnable to another day than that on which the court was held. The act of the 21st December, 1811, for regulating the courts held by the associate judges, &c. and for other purposes therein mentioned, has made an express provision for legalizing the writs of every denomination, (under which must be included writs of venire,) for that term thus to be returned. I am, therefore, of opinion, the rules in the above several cases ought to he discharged.
Grimke, J.
The first objection made here is, that the venire must he made returnable on the first day of the term on which the court is directed by law to sit, of which position there can be no doubt, being the uniform constant practice of the courts, and agreeably to the directions of the law. The second objection is, that the court can only sit at the time the venire was made returnable; and the court has not in this instance legally, any authority agreeably to our laws to sit on a day, the time of which sitting is altered to another day, and the venire made returnable on that day. If the court did not *636 un{]erstan(i the occasion of these motions, it would be impossible to do so from the briefs. The court, however, being acquainted with the circumstances, and having declared an extrajudicial opinion, in the month of January, 1812, and which was published for the information of those concerned in the sitting of the then next ensuing court at Georgetown! $ and to remove all doubts, upon that occasion, I understand that these cases were hung up on that ground. I am surprised that so plain a principle of law, as the one oppugned here, should be objected to, viz. that the Legislature have a right to alter the sittings of the courts, and to declare a venire, returnable to a prior, or posterior day, by some former law, good and valid, and to be returned on some other day than the one mentioned in the original law. The expression of the law of December, 1811, is, that the alteration contemplated, should not take place until after the conclusion of the next eastern circuit. If he court could only sit at the time the venire is made returnable, then would the holding of the courts not depend upon the law, but upon the accuracy and the precision of the clerk, who might, through mistake or design, disappoint the justice of the county. I am, therefore, of opinion, that the motions should be discharged.